IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| MARGARET SEAVERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2395-CM |
| ) | |
| LABAT-ANDERSON, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Margaret Seaverson filed her complaint against defendant Labat-Anderson, Inc., on September 14, 2005. In her complaint, plaintiff contends that she is a "disabled African American female" and that she is forty-six years old. Plaintiff contends that she has openly opposed acts and practices forbidden by the Kansas Act Against Discrimination ("KAAD"), Kan. Stat. Ann. §§ 44-1001 *et seq.*, and the Kansas Age Discrimination in Employment Act ("KADEA"), Kan. Stat. Ann. §§ 44-1111 *et seq*. Plaintiff contends that she was discriminated against, harassed, and ultimately had her employment terminated by defendant. Plaintiff alleges claims under only the KAAD and KADEA.

This matter comes before the court on defendant's Motion to Dismiss (Doc. 14) pursuant to Fed. R. Civ. P. 12(b)(1), (b)(5) and (b)(6). Defendant contends that this court does not have jurisdiction over plaintiff's complaint because plaintiff: (1) has not alleged any basis for federal jurisdiction; (2) has not exhausted her administrative remedies with the Kansas Human Rights Commission; and (3) did not properly effect service of process on defendant as required by Kansas law and Fed. R. Civ. P. 4(h).

Because the court can find no basis for exercising jurisdiction in this case, the court grants defendant's Motion to Dismiss for the reasons set forth below.

## I.     Dismissal Under Fed. R. Civ. P. 12(b)(1)

The court may only exercise jurisdiction when specifically authorized to do so, *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3).  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Basso*, 495 F.2d at 909.  When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

The court is aware that plaintiff in this case appears pro se.  Accordingly, while the court should liberally construe a pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

## II.    Analysis

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states (diversity jurisdiction).  Pursuant to 28 U.S.C. § 1331, federal district courts also have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States (federal question jurisdiction).

Plaintiff's form complaint alleges that she is a citizen of Kansas, and that defendant is a corporation incorporated under the laws of the State of "Lenexa" and having its principal place of business in a state other than Kansas. Plaintiff also checked a box on her form complaint that states that jurisdiction is founded on grounds other than diversity pursuant to 28 U.S.C. § 1343 because of a violation of civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States. However, plaintiff brings claims pursuant only to Kansas state law under the KAAD and KADEA.

Having thoroughly reviewed plaintiff's complaint, the court can find no basis for exercising diversity jurisdiction in this case. Plaintiff has failed to provide any information about defendant's citizenship as a corporation, and thus the court is unable to determine whether diversity of citizenship between the parties exists.[1]

Similarly, the court finds no basis for exercising federal question jurisdiction in this case. While plaintiff checked the box stating that jurisdiction is founded under 28 U.S.C. § 1343, the factual basis for her claims and the statutes under which she brings her claims, the KAAD and the KADEA, are based in state law and do not create a federal question to be addressed by this court. In response to defendant's Motion to Dismiss, plaintiff responded in one sentence: "I Margaret Seaverson (Plaintiff) feels [sic] that the motion should not be dismissed because I was discriminated and retaliated against thereby causing my termination that resulted in undue hardships."

Plaintiff has failed, either in her complaint or in her response to the Motion, to establish that the jurisdiction of this court is proper. Accordingly, plaintiff has failed to show why the case should not be

---

[1] Defendant also did not provide any specific information in its Motion to Dismiss regarding its citizenship. However, it is plaintiff's burden to establish that jurisdiction is appropriate. *Basso*, 495 F.2d at 909.

-3-

-4-

dismissed for lack of jurisdiction, *see Jensen*, 838 F. Supp. at 1439-40, and the court, on the present record, finds that it lacks jurisdiction over plaintiff's claims.[2]

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 14) is granted.

Dated this 25th day of January 2006, at Kansas City, Kansas.

                                         **s/ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**

---

[2] Because the court finds no basis on which to exercise jurisdiction over plaintiff's claims, the court does not reach defendant's arguments regarding administrative exhaustion and service of process.